John J. THONE, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 20112.

United States District Court
E. D. New York.

Nov. 20, 1961.

H. Elliot Wales, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., by Jerome F. Matedero, Asst. U. S. Atty., Mineola, N. Y., for defendant.

RAYFIEL, District Judge.

These are cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

This action was brought under Section 205(g) of the Social Security Act (Section 405(g) of Title 42 U.S.C.A.) to review a final determination of the Secretary of Health, Education and Welfare, denying plaintiff's claim for the establishment of a period of disability, as defined in Section 216(i) of the Social Security Act (Section 416(i) of Title 42 U.S.C.A.)

The plaintiff was born on December 8, 1920 and is married. He graduated from the Rensselaer Polytechnic Institute, Troy, New York, in June, 1943, with the degree of Bachelor of Mechanical Engineering. From January, 1946 to November, 1957 he was employed by the Turner Construction Company of New York City as Senior Assistant Project Engineer. He was discharged by that company after it had been determined he was not suitable for employment in any position available within its organization. He made application for New York State unemployment insurance benefits effective November 18, 1957, and received payments for 26 weeks. He received benefits for thirteen additional weeks under the Temporary Employment Compensation Program. He has not been employed since his discharge from the Turner Construction Company.

The plaintiff had a severe attack of appendicitis in 1934 during which his appendix burst, requiring him to undergo extensive surgery. As a result of that operation he suffered recurrent hernias, and was operated on for the repair thereof in 1934 or 1935, 1941, 1942 and 1953. Because of his condition he was and still is unable to climb or lift weights, and was required to wear a belt or support since the operation of 1953.

Beginning in or about 1950 he experienced psychiatric complaints, and in 1952 Dr. John F. Lynch, who was treating him generally, referred him to the Mearin Clinic for psychiatric examination and treatment. He consulted Dr. Mearin in September, 1952, and was treated by him from October, 1952 through December, 1955, from March, 1956 to September 8, 1956, and from January 29, 1957 through the date of the hearing herein, held on March 9, 1959. The diagnosis made by Dr. Mearin was "Paranoid personality with schizoid traits."

The plaintiff contends that the combination of his physical and phychiatric ailments constitute an impairment or combination of impairments of such severity and indefinite duration as to prevent him from being able to engage in any substantial activity.

I have read the record of the proceedings in the Social Security Administration, including the transcript of the hearing of March 9, 1959, the medical reports and other exhibits. I have also read the decision of the Referee, dated March 13, 1959, and of the Appeals Council, dated January 31, 1961, and have come to the conclusion that those decisions denying the plaintiff a period of disability were based on substantial evidence.

The record discloses that his last hernia operation took place in 1953. He commenced taking psychiatric treatment in 1952, and continued to work until 1957, when he was discharged. Upon his discharge he made application for unemployment insurance. In a letter dated April 22, 1960 the New York State Department

of Labor, Division of Employment, advised the Social Security Administration that he certified to being "ready, willing and able to work from the original claim date through week ending May 25, 1958, a period of 27 weeks." The letter goes on to say that, "On December 9, 1957 he submitted a doctor's certificate indicating that he was capable of working full-time (8 hours a day, 5 days a week) in his regular occupation as of November 16, 1957. This certificate was accepted as evidence of his .capability. The certificate specified existing disabilities as, (1) Recurrent hernias; (2) Anxiety reaction. The diagnosis was shown as 'Psychoneurosis-obsessive compulsive type'." It concludes with this paragraph. "Subsequent to exhaustion of his benefit rights, Mr. Thone continued to report to the Professional Placement Center. He submitted to that office a doctor's certificate, dated July 11, 1959, on which physical impairments requiring consideration in placement were shown as 'Recurrent bilateral inguinal—personality disorder, refractive except in engineering emotional irritability—obsessive ideas—negative attitude.' The diagnosis was 'A.P.A.#000–x26 Schizophrenic reaction, chronic undifferentiated type.' The doctor stated that Mr. Thone was under psychiatric care, and would continue to need such care if reemployed. The doctor also stated that Mr. Thone was employable, and recommended that he return to his former occupation."

The plaintiff himself stated that he was able to work around his home, mow the lawn, and do gardening and woodworking. In my opinion he is not so disabled as to come within the group described in Section 416(i) (1) of Title 42 U.S.C.A. as suffering from "inability to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." (Emphasis supplied.)

Accordingly, the plaintiff's motion for summary judgment is denied and the defendant's motion is granted.

Settle order on notice.